**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

OTU A. OBOT,

       Plaintiff,

       v.

NAVIENT,

       Defendant.
_____

16-CV-102-A
**DECISION AND ORDER**

This case is before the Court on the Defendant's motion to dismiss for insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons stated below, the motion is granted.

## BACKGROUND

On February 5, 2016, the Plaintiff filed a *pro se* complaint seeking equitable relief and damages based on his allegation that the Defendant "and the agency pursuant to a letter issued by the Department of the Treasury, Bureau of Fiscal Service . . . institute[ed] a forced and premature seizure and reduction of our Social Security Benefits without any formal due process hearing and a final resolution of any and all ongoing and outstanding litigation as required pursuant to Federal Law 31 U.S.C. § 3716." Complaint ¶ 1. The Plaintiff also alleges violations of several consumer protection laws. *Id.* ¶¶ 9-10.

Two months later, the Plaintiff filed a certificate of service stating that he had served the complaint and summons on the Clerk of this Court, as well as "Navient, P.O. Box 9460, PCA MC E2142, Wilkes-Barre, P.A. 18773-9460." Docket No. 2 at 1. The certificate stated that "Navient has refused to provide the name of a person designated

to receive process.  Navient has also refused to provide a street address for service of process." *Id.* (emphasis omitted).  One month after he filed his first certificate of service, the Plaintiff filed a second certificate.  *See* Docket No. 3.  The second certificate stated that the Plaintiff had served the summons and complaint on the Clerk of the Court; the same P.O. box address in Wilkes-Barre, Pennsylvania; and an attorney in Amherst, New York.[1]

Nearly three months after he filed his second certificate of service, the Plaintiff requested that the Clerk enter default pursuant to Federal Rule of Civil Procedure 55(a).  The Clerk refused to do so, noting that the Plaintiff had not effected proper service.

The Plaintiff then sent two letters to the Court.  The first letter again stated that the Plaintiff had served the complaint on an attorney in Amherst, New York, who, the Plaintiff claimed, "had informed us that SallyMae Inc. had changed its name to Navient." Docket No. 5 at 1.  The Plaintiff argued that "[a] change of name should not affect service.  Unless there are other changes that we have not been made aware of, there is nothing improper about service on the attorney of record."  *Id.*  The Plaintiff's second letter claimed that he had now effected proper service.  Attached to that letter was a certificate stating that the Plaintiff had once again served the summons and complaint on the Clerk of the Court; on the "U.S. Department of Education c/o NAVIENT," at the same Wilkes-Barre address to which the Plaintiff had previously mailed the complaint; and the United States Attorney for the Western District of New York.

The Court then entered an order directing the Clerk to not enter default, "because the Plaintiff has not shown that he has properly served the Defendant."  Docket No. 7.

---

[1] The attorney to whom the Plaintiff served the complaint is the same attorney who filed the motion to dismiss that is now before the Court.

The Court noted that the case had "been pending for nearly six months with little progress and multiple attempts at service." *Id.*  Nonetheless, because of the Plaintiff's *pro se* status, "and even though the deadline for proper service ended months ago, pursuant to Federal Rule of Civil Procedure 4(m), the Court sua sponte extend[ed] the time for Plaintiff to correctly serve the Defendant by 28 days from the date of [the Court's] Order."

Ten days later, the Plaintiff filed yet another certificate of service.  That certificate stated that the Plaintiff had served the summons and complaint on the "US Department of Education C/O NAVIENT" at the Wilkes-Barre address; the "The Civil Process Clerk" of the U.S. Attorney for the Western District of New York; the U.S. Department of Education, in Washington, D.C.; and the U.S. Attorney General.  Docket No. 8.

The Defendant then filed the motion to dismiss for improper service that is now before the Court.[2]

## DISCUSSION

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."  *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).  In this case, the Plaintiff must therefore show that he has properly served the Defendant— a corporation—in accordance with Rule 4(h), which governs service on corporate defendants.  Rule 4(h) permits service in one of two ways: service is proper (1) if it is made in "the manner prescribed by [state law] for serving an individual," or (2) if the plaintiff has "deliver[ed] a copy of the summons and of the complaint to an officer, a

---

[2]  In its motion, Navient appears as "Navient Solutions, Inc." and asserts that it has been misidentified in the complaint.  This issue is immaterial to the Court's resolution of the Defendant's motion to dismiss.

managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)-(B). As discussed below, the Plaintiff has not met his burden of showing that service was proper under either of the two methods of service permitted by Rule 4(h).

### A. Service was not proper under New York or Pennsylvania law.

First, the Plaintiff has not shown that he served the Defendant in a manner authorized by New York law, i.e., the law of the "state where [this Court] is located." Fed. R. Civ. P. 4(e)(1). New York law allows a corporation to be served by "[p]ersonal service . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). The Plaintiff, however, has not shown that he has done so. Likewise, the Plaintiff has not shown that he served the Defendant in any other way authorized by New York law, such as by serving the summons and complaint on the Defendant's registered agent or on the New York Secretary of State. *See* N.Y. C.P.L.R. §§ 306, 312-a. *See also Obot v. Citibank South Dakota, N.A.*, 347 F. App'x 658, 659-60 (2d Cir. 2009) (affirming dismissal for failure to properly serve corporate defendant in accordance with C.P.L.R. §§ 306, 311, and 312-a). The Plaintiff has therefore not met his burden of showing that service was proper under New York law.

The Plaintiff has also failed to show that he served the complaint in a manner authorized by Pennsylvania law, i.e., the law of the "state where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 424 provides that "[s]ervice of original process upon a corporation or similar entity shall be made by handing a copy to . . . an executive officer, partner or trustee of the corporation," "the manager, clerk or

other person for the time being in charge of any regular place of business or activity of the corporation or similar entity," or "an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. P. 424(1)-(3) (emphasis added). When a plaintiff serves an out-of-state party, Pennsylvania Rules of Civil Procedure 403 and 404 allow service to be made by mail, but to do so, the plaintiff must mail "a copy of the process . . . to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. *See also Vaughn v. TALX Corp.*, Civil Action No. 14-7110, 2015 WL 3871477, at *2 (E.D. Pa. June 23, 2015) (discussing manner in which corporate defendant may be served under Pennsylvania law and how service by mail may be effected). These "rules . . . must be strictly followed," *Cintas Corp. v. Lee's Cleaning Svcs., Inc.*, 700 A.2d 915, 917 (Pa. 1997), and because the Plaintiff has not shown that he has followed them to any degree, he has not met his burden of proving proper service under Federal Rule of Civil Procedure 4(e)(1).

  **B.  Service was not proper under Rule 4(h)(1)(B).**

The Plaintiff's service attempts also do not comply with the second way in which the Federal Rules of Civil Procedure authorize service on a corporate defendant. Rule 4(h)(1)(B), as noted, authorizes service on a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." But Rule 4(h)(1)(B) does *not* authorize service by mail. *See Jordan v. Forfeiture Support Ass'c*, 928 F. Supp. 2d 588, 595 (E.D.N.Y. 2013) ("[N]othing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process.") (quotation marks

omitted). That, of course, is the only way the Plaintiff claims he served the Defendant. Thus, the Plaintiff has not met his burden of showing that he properly served the Defendant in a manner authorized by Rule 4(h).

### C. Service was not otherwise proper.

The Plaintiff's service on the U.S. Attorney General, the U.S. Attorney for the Western District of New York, and the U.S. Department of Education suggests that he believes service in this case to be governed by Rule 4(i). Rule 4(i), however, governs service on the United States of America, federal agencies, federal officers, and federal employees. The Defendant is none of those entities or persons. It appears that the Plaintiff's mistaken belief arises from the fact that, as he alleges, the Defendant provides services on behalf of either the Department of the Treasury or the Department of Education. *See also* Docket No. 9-1 (Def's Mot. to Dismiss) at 4 (stating that the Defendant "is a non-governmental domestic corporation that contracts with the Department of Education to service federal student loans"). But if the Plaintiff seeks to sue Navient—a non-governmental entity—he must comply with Rule 4(h), *even* if he seeks to sue Navient for actions it undertook in the course of a contractual relationship with a federal agency. The Plaintiff has not done so, and for that reason, the Court grants the Defendant's motion to dismiss.

The Plaintiff makes several other arguments in opposition to the Defendant's motion to dismiss. Specifically, he argues that the Defendant intentionally avoided service "by its clandestine disposition and failure to openly, transparently and dutifully disclose its lawful corporate name and address" until filing its motion to dismiss; he

argues that the Defendant's motion to dismiss was untimely;[3] he argues that the Defendant failed to file a corporate disclosure statement;[4] and he argues that the Defendant failed to respond to a purported Freedom of Information Act request the Plaintiff filed in this case (Docket No. 11).  None of these arguments, however, provides a basis for denying the Defendant's motion to dismiss.

## CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss (Docket No. 9) is granted.  The Clerk of the Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: January 21, 2017                    ___*s/Richard  J. Arcara*_____
      Buffalo, New York                         HONORABLE RICHARD J. ARCARA
                                                    UNITED STATES DISTRICT JUDGE

---

[3]  The Defendant filed its motion to dismiss within the time permitted by the Court's August 19, 2016 Order.  *See* Docket No. 7.

[4]  The Defendant has filed a corporate disclosure statement.  *See* Docket No. 18.